## CHAS. H. LILLY CO. v. DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON, NORTHERN DIVISION, et al.

### No. 7083.

Circuit Court of Appeals, Ninth Circuit.

Nov. 14, 1934.

Jay C. Allen and Weldon G. Bettens, both of Seattle, Wash., for petitioners.

G. Wright Arnold and Raymond D. Ogden, both of Seattle, Wash., for respondents.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

PER CURIAM.

Petitioners applied to us for leave to file a petition for an alternative writ of mandamus or prohibition directing the respondents to sign and enter a decree on mandate proposed by petitioners in the cases of Chas. H. Lilly Co. v. I. F. Laucks, Inc., Nos. 7083 and 7084, from this court, reported in 68 F.(2d) 175 and 190, rather than another and different decree proposed by Laucks, Inc. An order to show cause issued, and a hearing has been had thereon.

A copy of each of the proposed decrees is attached to the petition. The decree proposed by petitioners would order the bill of complaint dismissed with prejudice; while that of Laucks, Inc., would limit the dismissal of the bill to "the cause of action set forth in the bill of complaint alleging acts constituting contributory infringement prior to the date of the filing of the bill of complaint by the defendants The Chas. H. Lilly Co. and Wilmot H. Lilly, and each of them."

We think a decree should be entered dismissing the bill as to the petitioners with prejudice and without any limitation whatsoever.

Our opinion was intended to dispose of all matters involved in the litigation between Lilly Company and W. H. Lilly and Laucks, Inc., including any allegation or claim of contributory infringement by the petitioners herein up to and including the date of the decree.

The bill of complaint alleged infringement and contributory infringement, and charged a continuing conspiracy to so infringe, and evidence, both oral and documentary, was admitted respecting acts of the petitioners committed prior and subsequent to the institution of the suit. The effect of the notice to petitioners by the filing of the bill and the evidence showing that large quantities of soya bean flour had been manufactured by petitioners in the years 1928, 1929, and 1930, was elaborately discussed in the briefs and considered by this court. The letters quoted in our opinion and upon which the trial court relied, in part, at least, were written by Lilly & Co. after the filing of the bill. The decree of the trial court provided:

"That the plaintiff do recover from the said defendants, namely Kaseno Products Co., a corporation, George F. Linquist, Chas. H. Lilly Co., a corporation, and Wilmot H. Lilly, the profits, gains and benefits which the said defendants have respectively, jointly or severally derived, received or enjoyed by reason of their said infringement of said claims of said Letters Patent, or which may have accrued to them, jointly or severally by reason of the said infringement of said claims of said patent; and that the plaintiff do recover from the said defendants, either jointly or severally or any of them, as may upon a final accounting hereafter be determined, any and all damages which plaintiff has sustained or which may be sustained hereafter, by reason of the said infringing acts of said defendants. Evidence relative to both the profits and/or damages and evidence relative to the joint and/or several liability of said defendants for their infringing acts will be received by the hereinafter named Master of this Court.

"That this cause be, and the same is hereby referred to W. B. Stratton, as Master of this Court, who is hereby appointed by reason of his special ability and fitness, to ascertain, fix and state the amounts of: (a) gains and benefits derived, received or enjoyed by the said defendants, severally and/or jointly, or any of them by reason of the said infringing acts of each and all of said defendants, direct or contributory, and (b) the damages sustained by and/or accruing to the plaintiff, by reason of the said infringing acts of each and all of said defendants, direct or contributory. * * *"

And as said in Providence Rubber Company v. Goodyear, 9 Wall. 788, 800, 801, 19

L. Ed. 566: "In taking the account the master was not limited to the date of the decree. In such cases, it is proper to extend the account down to the time of the hearing before him, unless the infringement ceased prior to that time. The rights of the parties are settled by the decree, and nothing remains but to ascertain the damages and adjudge their payment. The practice saves a multiplicity of suits, time, and expense, and promotes the ends of justice. We see no well-founded objection to it."

While an account of profits cannot be had where none arose before the action was begun (Walker on Patents [6th Ed.] § 755; Marsh v. Nichols, S. & Co., 128 U. S. 616, 9 S. Ct. 168, 32 L. Ed. 538), and a complainant in an infringement suit must allege and prove that some of the acts constituting infringement occurred before the institution of the suit before he may introduce evidence of subsequent acts, it does not follow that, where he introduces evidence of such acts occurring before and after the filing of the bill, and fails on the merits, he may later retry the issue of infringement or contributory infringement, as the case may be, based upon allegations and proof of acts of infringement occurring subsequent to the filing of the bill.

Perhaps we should have been more explicit in our opinion, and reversed the cause and directed dismissal of the same as to petitioners with prejudice and costs. In view of the fact that the court has expressed a desire to conform to the mandate of this court, it will, we think, be unnecessary to issue the writ at this time. However, should respondents fail to enter said order of dismissal within fifteen days from the date hereof, an appropriate order will be entered.

What has been here stated applies also to case No. 7084, and a similar order will be entered in that case, if necessary.